IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| KERRY REX MIESSNER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JAY GRANT, NICOLE BUGNI, ROCKO MULCAHY, MEDICAL STAFF, et al.,<br><br>　　　　Defendants. | Cause No. CV 09-00082-BU-RFC-CSO<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES JUDGE TO DISMISS COMPLAINT |

On November 24, 2009, this Court issued an Order finding that Plaintiff Kerry Rex Miessner's Complaint failed to state a claim against the named Defendants. See Court's Doc. 4. Miessner was allowed an opportunity to file an amended complaint on or before December 28, 2009. (Court Doc. 4, pp. 17-18). Miessner did not respond and therefore his Complaint should be dismissed for failure to state a claim.

Miessner's federal claims arise under the Eighth Amendment of the United States Constitution for denial of dental care. In the Court's prior Order it determined Miessner had seemingly alleged a claim for

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
TO DISMISS COMPLAINT-CV-09-00082-BU-RFC-CSO / PAGE 1

denial of medical treatment but he did not sufficiently alleged what each Defendant did wrong.  Accordingly, Miessner failed to state a claim against the individual Defendants.  As it may have been possible to cure these defects with the allegation of additional facts, Miessner was given an opportunity to file an amended complaint.  Meissner was advised that if he failed to amend his complaint, the Court may dismiss this action.  Miessner also was advised that his failure to correct these deficiencies could result in a dismissal which could count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

Miessner failed to file an amended complaint.  As the original complaint failed to state a claim upon which relief could be granted and he did not take the opportunity to cure the deficiencies in his original complaint, this matter will be recommended for dismissal.

Based on the foregoing, the Court issues the following:

## RECOMMENDATION

1.  Miessner's Complaint should be DISMISSED for failure to state a claim upon which relief can be granted against the named defendants.  The Clerk of Court should be directed to close this matter

and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Miessner's failure to state a claim upon which relief can be granted against a named defendant.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  Miessner's failure to state a claim upon which relief can be granted against a named defendant is so clear no reasonable person could suppose an appeal would have merit.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Miessner may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to

Magistrate Judge's Findings and Recommendation."

A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. [Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991)](#).  This is not an appealable order and any notice of appeal pursuant to [Fed.R.Civ.P. 4(a)(1)](#), should not be filed until entry of the District Court's final judgment.

DATED this 12th day of January, 2010.

*/s/ Carolyn S. Ostby*
United States Magistrate Judge